**SCHIFFMAN PUIG, P.C.**
ATTORNEYS AT LAW

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@splaw.net
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janice Escochea,<br><br>                            Plaintiff,<br>vs.<br><br>The Prudential Insurance Company of America; AAA of Arizona, Inc. Long Term Disability Insurance Plan,<br><br>                            Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Janice Escochea ("Escochea") alleges as follows:

**JURISDICTION AND VENUE**

1. Escochea is a resident of Maricopa County, Arizona.

2. Defendant The Prudential Insurance Company of America ("Prudential") is a foreign insurer engaged in business in the State of Arizona. Prudential resides and is found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

3. Defendant AAA of Arizona, Inc. Long Term Disability Insurance Plan ("Plan") is a purported ERISA benefit plan established and maintained by AAA of Arizona,

Inc. for the benefit of its employees. The Plan includes long-term disability benefits ("LTD"). AAA of Arizona is the Plan Administrator.

4. AAA of Arizona and Prudential are Plan Fiduciaries as that term is defined by ERISA.

5. This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. § 1132, and because the Plan and Prudential have caused events to occur in Arizona out of which Escochea's claims arise.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

7. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

8. The Plan's LTD benefits are paid for and administered by Prudential.

## GENERAL ALLEGATIONS

9. AAA of Arizona provided certain employees with LTD benefits pursuant to the Plan.

10. Under the terms of the LTD benefit, Escochea is entitled to benefits for the first 24 months when Prudential determines that she is unable to perform the material and substantial duties of her regular occupation due to sickness or injury and is under the regular care of a doctor and she is unable to earn 80% or more of her indexed earnings from working in her regular occupation.

11. The Plan further defines material and substantial duties to mean any duties that "are normally required for the performance of your regular occupation; and cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week."

12. After the first 24 months of disability, Escochea is considered disabled if she is unable to perform the duties of any gainful occupation for which she is reasonably fitted by education, training or experience and she is under the regular care of a doctor.

13. The Plan has an elimination period of 90 from the date of filing an LTD claim

14. The Plan requires that Escochea be under the ongoing care of a physician in order to be qualified to receive LTD benefits.

15. At all relevant times, Escochea was an AAA of Arizona employee, became a covered individual under the Plan, and remained continuously employed until her disability rendered her unable to work in her regular occupation as Manager of Agency Operations on May 18, 2015. Escochea

16. Escochea had surgery in 2013, that caused Chronic Regional Pain Syndrome. As a result, Escochea experiences excruciating pain, often requiring a wheelchair as it is too painful for her to walk. Escochea spent the next two years trying to manage her pain and her profession.

17. Ultimately, Escochea became disabled on May 18, 2015 and remains disabled from her own occupation as a Manager of Agency Operations.

18. The material and substantial duties of Escochea's occupation that she was unable to perform, include, but are not limited to:

- Ability to work a regular, 40 plus hour work week;
- Ability to concentrate and focus on challenging tasks and details;
- Ability to manage, retain and recruit employees; and
- Ability to prepare and manage the budget and engage in expense management.
- Ability to move about the workplace, attending meetings throughout AAA's large office complex.

19. Her physical condition renders Escochea unable to perform the material and substantial duties of her occupation or any other occupation for which she is suited based on education, training or experience.

20. Prudential initially denied Escochea's claim on August 14, 2015. Escochea submitted additional records and statements from her primary treating physician and pain specialists.

21. The Plan pays long-term disability benefits beginning 90 days after the date of initial disability.

22. Escochea is entitled to 60% of her predisability earnings per month in long-term disability benefits from August 13, 2015 through the present under the terms of the Plan and Policy. At the time of Escochea's disability she was earning approximately $100,000 annually.

23. Escochea's is entitled to a monthly LTD disability benefit in the amount of $5,000.00 from August 17, 2015 to the present.

24. Escochea provided proof of her disability as a result of her chronic regional pain syndrome. In addition, Escochea provided Prudential with completed claim forms signed by her primary physician and pain specialists, extensive medical records from her physicians, as well as declarations from family and friends regarding the limitations to her activities of daily living.

25. Escochea submitted her first level of appeal on September 2, 2015.

26. Prudential denied Escochea's first level of appeal on September 30, 2015.

27. Escochea submitted her second and final appeal on April 19, 2016.

28. Prudential issued its final denial on July 16, 2016.

29. Escochea has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

30. Escochea incorporates and realleges all previous allegations.

31. The Plan contains language that purports to be a grant of discretion from AAA of Arizona to Prudential; however, on information and belief, the purported delegation is invalid and Escochea is entitled to de novo review.

32. Escochea became disabled on May 18, 2015 and remains unable to perform the duties of her regular occupation or any other occupation for which she is suited based on education, training or experience.

33. Despite the coverage of Escochea's long-term disability, Prudential denied LTD benefits in breach of the Plan. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

34. The Plan is funded through insurance premiums paid to Prudential. Thus, Prudential is the payor of claims and the decision maker and operates under an inherent conflict of interest.

35. Due to the inherent conflict of interest, Prudential's decision should be subject to significant scrutiny by the Court and should be given little deference.

36. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Escochea is entitled to recover all benefits due under the terms of the Plan, and to enforce her rights under the terms of the Plan.

37. Pursuant to 29 U.S.C. § 1132(g), Escochea is entitled to recover her attorneys' fees and costs incurred herein from AAA of Arizona and the Plan.

38. Escochea is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled pursuant to A.R.S. § 20-462.

SCHIFFMAN PUIG, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

WHEREFORE, Escochea prays for entry of judgment against Defendants as follows:

A. For all past benefits due Escochea under the terms of the Plan;

B. For an award of Escochea's attorneys' fees and costs incurred herein;

C. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 12th day of September 2016.

SCHIFFMAN PUIG, P.C.


By: /s/ Lisa J. Counters
    Lisa J. Counters